AMOUNT $ _____
SUMMONS ISSUED Y-1
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. __m_____
DATE     12-20-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| RODNEY COSTA,<br>    Plaintiff<br><br>vs.<br><br>KENYON OIL COMPANY, INC.<br>d/b/a EXTRA MART,<br>    Defendant | COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

**04 12653 MEL**

MAGISTRATE JUDGE Alexander

## INTRODUCTION

This is a 28 U.S.C. §1332 Diversity of Citizenship Action sounding in Tort and set forth in one (1) Count. The Plaintiff, Rodney Costa ("Mr. Costa") seeks $500,000.00 in redress and compensation for permanent and life-altering injuries and pain and suffering caused by the negligence of the Defendant, Kenyon Oil Company, Inc. d/b/a Extra Mart (hereinafter: "Kenyon").

## PARTIES

1. The Plaintiff, Mr. Costa, resides at 371 Main Street, West Dennis, Barnstable County, Massachusetts 02660.

2. The Defendant, Kenyon, a corporation duly incorporated within the State of Connecticut, at all times material hereto maintained principal offices at 221 Quinebaug Road, North Grosvenordale, Connecticut 06255 and owned, operated and managed the so-called "Extra Mart," a gas station and convenience store located at 4738 Route 28 in the Town and County of Barnstable, Massachusetts.

## JURISDICTION

3. Jurisdiction of this Honorable Court - inter alia - is based upon 28 U.S.C., Section 1332, Diversity of Citizenship, as the amount in controversy well exceeds the sum or value of $75,000.00 exclusive of interest and costs, diversity of citizenship exists between the parties, and the Defendant, Kenyon, is clearly subject to this Court's jurisdiction.

## STATEMENT OF FACTS

4. On or about December 21, 2001, Mr. Costa went to the Kenyon Extra Mart with a friend to service an automobile.

5. Because of the dangerous and hazardous condition of the said Kenyon premises and/or its equipment provided for customers, as Mr. Costa was attempting to put air in the tires of an automobile, the air machine he was using suddenly and without any warning wrenched him forcefully in a backward motion causing him to fall backwards onto the curbing just next to his automobile and further causing him permanent and life-altering injuries.

6. As a result of the severe injuries so sustained by Mr. Costa he required transportation by paramedics to the Cape Cod Hospital Emergency Room in Hyannis, Massachusetts and thereafter required extensive and costly medical treatment and rehabilitation including major back surgery.

## COUNT I - NEGLIGENCE OF DEFENDANT, KENYON

7. The Plaintiff repeats and realleges as part of this Count, each and every allegation contained in paragraphs numbered one (1) through six (6) with the same force and effect as though fully set forth herein.

8. The severe and life-altering injuries sustained by the Plaintiff, Mr. Costa, as aforedescribed, on December 21, 2001, were the direct and proximate result of the carelessness and negligence of the Defendant, Kenyon, perpetrated by and through its principals, agents, servants, employees and others for whose conduct it is responsible at law, which negligence included but is not necessarily limited to the following:

    (A) Kenyon negligently failed to maintain its property and all its appurtenances, equipment and/or machinery in a reasonably safe condition for its foreseeable customers;

    (B) Kenyon failed to avoid and/or safeguard against hazards and dangers which were known or should have been known to Kenyon pertaining to customer/patron safety;

    (C) Kenyon failed to post written warnings concerning known dangerous conditions at its premises and dangerous properties of the equipment it provided for customers;

(D) Kenyon negligently failed to appropriately inspect and maintain its air pump and air hose facility/equipment/machinery when it knew, or in the exercise of reasonable care should have known, that said machinery posed a continuing threat to users thereof on Kenyon's property; and,

(E) Kenyon, in full control of the offending instrumentality in this instance, to wit, the air pump machine, failed to take appropriate maintenance or precautionary or other steps to ensure customer/patron safety in the foreseeable use of said machine.

9. Prior to this accident the Plaintiff, Mr. Costa, was an energetic, happy, industrious individual fully capable of an active, healthy, vital and productive lifestyle. As the direct and proximate result of the negligence of the Defendant, Kenyon, as hereinabove set forth, Mr. Costa, suffered – and will continue to suffer from – a severe and life-altering injury with concomitant pain of body and mind. Mr. Costa was severely injured and will suffer the effects of his severe injuries so caused for the balance of his life. Mr. Costa was caused to seek emergency hospital care and thereafter was required to undergo extensive and costly medical and therapeutic care and treatment. Moreover, Mr. Costa's ability to enjoy life and engage in his normal activities has been critically and permanently impaired and he suffers from a generally diminished quality of life.

WHEREFORE, THE PLAINTIFF, MR. COSTA, DEMANDS JUDGMENT AGAINST THE DEFENDANT, KENYON, IN THE AMOUNT OF FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS TOGETHER WITH INTEREST AND ALL COSTS OF THIS ACTION.

### PLAINTIFF'S DEMAND FOR TRIAL BY JURY

PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 38, THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL ISSUES IN THIS ACTION TRIABLE OF RIGHT BY A JURY.

                                        Plaintiff, Rodney Costa
                                        By his Attorney,

                                        Anthony R. Bott, Esq.
                                        BBO # 050540
                                        Anthony R. Bott, P.C.
                                        Eight Beach Road
                                        P.O. Box 1137
                                        East Orleans, MA 02643
                                        (508) 240-2700

Dated:   December 17, 2004